AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

**SEALED**

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Papo Encarnacion De Oleo | ) |
| a/k/a Papo Encarnacion Deolio | ) |
| a/k/a Papo Encarnacion Deofilo | ) |
| a/k/a Placido Bernard-Perez | ) |
| | ) |
| *Defendant(s)* | |

Case No.

    5:23-mj-1038-PRL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___June 2018 through June 2019___ in the county of ___Lake___ in the ___Middle___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1028(a)(7) | False Identification Documents |
| 18 U.S.C. § 1015(e) | False Statement of Citizenship to obtain Federal or State Benefit/Service |
| 18 U.S.C. § 1015(f) | False Statement of Citizenship to Register to Vote |
| 42 U.S.C. § 408(a)(7)(B) | Falsely Representing a Social Security Number |
| 8 U.S.C. § 1326(a) | Illegal Re-Entry by a Previously Deported Alien |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Mark Henych, DHS/HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ___February 17, 2023___

_____
*Judge's signature*

City and state: ___Ocala, Florida___          Philip R. Lammens, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA     CASE NO. 5:23-mj-1038-PRL

COUNTY OF MARION

### AFFIDAVIT IN SUPPORT OF A CRMINAL COMPLAINT

I, Mark Henych, being duly sworn, hereby make the following statement in support of the attached criminal complaint:

### INTRODUCTION

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) in Orlando, Florida.  I have been employed as a Special Agent with DHS since November 2003.  From 2002 until November 2003, I was a Special Agent Trainee with the US Customs Service in Orlando, Florida.  During this time, I have conducted and assisted with numerous investigations related to federal and state laws dealing with false documents and identity theft.  I have received specialized training and have extensive practical experience in the enforcement of the Immigration laws of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are

1

necessary to establish probable cause that a violation of federal law has been committed.

## PROBABLE CAUSE

### Background

3.     On November 24, 2018, the US Department of Homeland Security (DHS), Homeland Security Investigations (HSI) Tip Line received a tip that H.C.I., a business located in Leesburg, Lake County, in the Middle District of Florida, is/was allegedly employing illegal aliens.  H.C.I. is a Florida-based, for-profit corporation, headquartered in Leesburg.

4.     On June 25, 2019, the HSI Orlando Office issued H.C.I. a Notice of Inspection (NOI) of business records pursuant to Section 274A of the Immigration and Nationality Act, as Amended.  The Act requires employers to hire only United States citizens and aliens who are authorized to work in the United States. Employers must verify the employment eligibility of persons hired after November 6, 1986, using an Employment Eligibility Verification Form I-9 (Form I-9).  This inspection encompassed all the H.C.I. current employees (as of June 24, 2019) and those employees terminated on or after June 24, 2018.

5.     On July 12, 2019, in response to the NOI, R.H., president and co-owner of H.C.I., provided the HSI Orlando office with approximately twenty I-9 documents for his active and his inactive employees. The records covered the date range of June 24, 2018, until June 24, 2019.  R.H. also maintained records for employees for which he has failed to complete I-9 forms.  For those employees, he

2

provided copies of their identity documents which are/were maintained as H.C.I. business records.  Additionally, R.H. provided HSI with the following company business records: IRS Form W-2's for 2018; Payroll Records for June 24, 2018 until June 2019; Florida Department of Revenue Payroll taxes UCT 6's for June 24, 2018 through June 24, 2019; and copies of the identity documents submitted by applicants for employment (i.e. US resident alien cards, Social Security cards, passports, DHS issued Employment Authorization Documents I-765's, Florida Driver's Licenses and other miscellaneous supporting documents). R.H. also provided HSI with a thumb drive containing electronic copies of various business records for H.C.I.

6.    I have reviewed the I-9 forms, identity documents, and various supporting business records. In doing so, I found that a significant percentage of active and inactive H.C.I. employees have presented false and/or fictitious identity documents (i.e. US resident alien cards and Social Security cards) not assigned to them in order to obtain the benefit of unauthorized employment.

7.    Consequently, a number of people have been identified as being the victims of identity theft stemming from the unlawful use of their Alien Registration Number and/or their Social Security Account Number, or both, by individuals attempting to obtain employment with H.C.I.

**Investigation into Papo Encarnacion De Oleo**

8.    Based on a review of DHS and Immigration databases, I have located an Alien file **(AXXXXX7239)** assigned to **Papo ENCARNACION DE OLEO**. A review of this file disclosed that **Papo ENCARNACION DE OLEO** is a citizen and

3

national of the Dominican Republic who was previously ordered deported from the United States by an Immigration Judge.  The records show that on March 4, 2014, he was physically removed from the United States to the Dominican Republic. **ENCARNACION DE OLEO** has not applied to the Attorney General of the United States or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

9.      Based on my audit of the business records and copies of identity documents from H.C.I., an individual identified as **Papo ENCARNACION DE OLEO**, with a birthdate of, **XX/XX/1977,** was found to have presented a Dominican Passport #PRXXX6467 for the purpose of obtaining unauthorized employment.  **ENCARNACION DE OLEO** also presented an IRS Individual Taxpayer Identification Number (ITIN): XXX-XX-7951 for the same purpose. Contained in H.C.I.'s records was the entire IRS notice to **ENCARNACION DE OLEO**, consisting of two pages. The ITIN was addressed to a location on Dogwood Dr, Harvey, LA 70058.  The IRS notice lists the ITIN as XXX-XX-7951. It contains the full name of the recipient—**Papo ENCARNACION DE OLEO**, with a date of birth of XX/XX/**1977**. Importantly, the ITIN does not confer the user a right to employment, nor is an ITIN a Social Security number.  The ITIN only allows the user to file federal taxes.

4

10.    I conducted commercial database checks to locate **ENCARNACION DE OLEO**. Based upon a search of the ITIN (XXX-XX-7951), I located an address in Leesburg linked to **ENCARNACION DE OLEO**.

11.    I subsequently conducted a State of Florida, Department of Highway Safety and Motor Vehicles (DHSMV), Driver and Vehicle Information Database (DAVID) check on this street address in Leesburg.  I located a Florida Identification card record issued to a person with the initials J.M.K.O. and a date of birth of XX/XX/1985. The Florida Identification card was issued on June 25, 2019, at the Lake County Tax Collectors office in Leesburg, Lake County, FL. The photograph on the Florida Identification Card would have been taken at the time it was issued. The applicant also would have provided supporting identification documents before the issuance of the Florida Identification Card would have been approved.  Despite being issued in the name of J.M.K.O., the Florida Identification Card depicts a black male who is 5'10" tall, which is consistent with the description of **ENCARNACION DE OLEO.**

12.    **ENCARNACION DE OLEO's** image on the Florida Identification Card issued to J.M.K.O. matches the person in the Dominican passport photograph obtained from H.C.I.'s business records. I have compared the photograph from the Florida Identification Card issued in the name of J.M.K.O. with several known photographs of **ENCARNACION DE OLEO** in his alien file. All the photographs are of the same person, as reflected below:

5



*Above is the photograph on the Florida Identification Card issued in J.M.K.O.'s name.*



*Above are photographs of **ENCARNACION DE OLEO** from his alien file.*

13.     I have reviewed the supporting DHSMV application for the Florida Identification Card. The applicant had sworn and affirmed that he was a citizen of the United States. The applicant also had listed Puerto Rico as his place of birth. As part of the DHSMV record, a Puerto Rican Certificate of Birth was scanned into the DHSMV system. That document lists the name of a person with the initials of J.M.K.O. and a date of birth of XX/XX/1985.[1]

14.     The applicant also provided a Social Security Account Number (SSAN) card as a supporting identity document.  A Social Security account card was also

---

[1] Pursuant to the Jones Act of 1917, persons born in the US territory of Puerto Rico are citizens of the United States.

6

scanned into the DHSMV system as part of this record. The name appearing on the card has the initials J.M.K.O., not **ENCARNACION DE OLEO**. The SSAN on the card is XXX-XX-5346.

15.    In further reviewing the supporting DHSMV application, I determined that the applicant also had requested and completed a new voter registration with the Florida Department of State. I then conducted a review of the State of Florida Division of Elections voter registration records. I found a corresponding voter registration for J.M.K.O., with date of birth XX/XX/1985, for Lake County (LAK). This registration was completed on June 25, 2019, in connection with the issuance of the Florida Identification Card. The voter ID number assigned was 126958746.[2]

16.    I next requested and received driver's license records from the Puerto Rico Department of Transportation for the person named J.M.K.O. with date of birth of, XX/XX/1985. I reviewed these records and the associated photograph. I learned that J.M.K.O, is a real person. The records showed J.M.K.O. is a Hispanic male with black hair, 5'03" tall. Notably, the driver's license photograph for J.M.K.O. does not match the images of **ENCARNACION DE OLEO**.

### CONCLUSION

17.    In summation, based on the foregoing information, **ENCARNACION DE OLEO**, a Dominican citizen and alien unlawfully present in the United States,

---

[2] Unless sealed, the State of Florida's public records laws allow for all registered voter data and records to be public information including home addresses and dates of birth. This affidavit is however redacting the full date of birth of Jesus Manuel Keener Osorio.

did for the purposes of obtaining a State of Florida Identification Card, falsely represent himself under oath to be a United States citizen. He used identity documents for J.M.K.O to do so, specifically, a birth certificate and a Social Security card. Finally, **ENCARNACION DE OLEO** unlawfully registered to vote. All of these events occurred in Lake County in the Middle District of Florida.

18.    Therefore, probable cause exists to show that **ENCARNACION DE OLEO** did, for the purpose of obtaining an authentic Florida Identification card, knowingly, willfully, and with intent to deceive, falsely represent XXX-XX-5346 to be the Social Security Account Number assigned to him by the Commissioner of the Social Security Administration, when in fact, the defendant knew such number was not assigned to him, in violation of 42 U.S.C. § 408(a)(7)(B).

19.    Additionally, probable cause exists to show that **Papo ENCARNACION DE OLEO** did, during the fraudulent procurement of a Florida Identification card, knowingly use and/or possess fraudulent identification documents. The documents consisted of a SSAN card not assigned to him and **a Puerto Rican Birth Certificate** not his own. He did this with the intention that such documents or features be used to defraud the United States, in violation of 18 U.S.C. § 1028a(7).

20.    Furthermore, probable cause exists to show that **ENCARNACION DE OLEO**, while obtaining the Florida Identification card via fraud, knowingly made a false statement or claim that he was a citizen of the United States in order to register

to vote or to vote in any Federal, State, or local election (including an initiative, recall, or referendum), in violation of 18 U.S.C. § 1015(f).

21.    Probable cause also exists to show that **ENCARNACION DE OLEO** is in the United States voluntarily, without the proper authorization, after being previously removed or deported, in violation of 8 U.S.C. § 1326(a).

22.    Lastly, probable cause exists that **ENCARNACION DE OLEO**, while obtaining the Florida Identification card via fraud, knowingly made a false statement or claim that he is a citizen of the United States with the intent to obtain on behalf of himself, or any other person, any Federal or State benefit or service, in violation of 18 U.S.C. § 1015(e).

This concludes my affidavit.

_____
Special Agent Mark Henych
Department of Homeland Security
Homeland Security Investigations

Sworn and subscribed before
me this 17th  day of February,
2023.

_____
PHILIP R. LAMMENS United
States Magistrate Judge

9